UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 21-55251-WLH |
| | ) | |
| GEORGE ADEL NAJEM, | ) | CHAPTER 7 |
| | ) | |
| Debtor. | ) | |
| | ) | |

**TRUSTEE'S MOTION FOR EXAMINATION OF AND DOCUMENT PRODUCTION BY YOLLA NAJEM UNDER RULE 2004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

NOW COMES Neil C. Gordon, Chapter 7 Trustee for the bankruptcy estate of George Adel Najem (the "**Trustee**"), and files this Motion (the "**Motion**") for an order authorizing the examination of and document production by Yolla Najem ("**Ms. Najem**") pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure, and in support thereof, shows this Court as follows:

1. George Adel Najem (the "**Debtor**") commenced the above-styled bankruptcy case by filing a petition under Chapter 7 of Title 11 of the United States Code on July 14, 2021 (the "**Petition Date**"), initiating Case No. 21-55251-WLH (the "**Bankruptcy Case**").

2. Trustee was appointed to the Bankruptcy Case on the Petition Date, pursuant to 11 U.S.C. § 701(a)(1), at which time Trustee was appointed interim Chapter 7 Trustee.

3. The original meeting of creditors was scheduled for August 16, 2021 in accordance with 11 U.S.C. § 341(a) (the "**341 Meeting**"). The Debtor failed to appear at that time, and the 341 Meeting was rescheduled to September 30, 2021.

02496782-1

4. The 341 Meeting was held telephonically on September 30, 2021, but was continued to November 4, 2021, due to the Debtor failure to produce the documents and information previously requested by Trustee.

5. Debtor as well as Debtor's counsel failed to appear for the 341 Meeting on November 4, 2021, and Debtor failed to produce all of the documents previously requested by Trustee. Accordingly, Trustee continued the 341 Hearing to November 17, 2021.

6. On October 14, 2021, Trustee filed a *Motion for Order Extending Deadline for Trustee and/or the United States Trustee to Object to Discharge* [Doc. No. 25], and the Court entered the *Consent Order* [Doc. No. 26] that same day, extending the time within which the Trustee and/or the United States Trustee may filed a complaint objecting to Debtor's discharge to and including December 15, 2021.

7. On November 8, 2021, Trustee filed his *Application for Appointment of Attorneys* [Doc. No. 28], and on November 9, 2021, the Court entered an *Order* [Doc. No. 29], approving the appointment of Arnall Golden Gregory, LLP ("**AGG**") as attorneys for the Trustee

8. On November 9, 2021, Debtor filed a *Motion to Convert to Chapter 13* [Doc. No. 29, which was granted by *Order* [Doc. No. 36] entered by the Court on November 17, 2021.

9. On December 20, 2021, Debtor filed a *Motion to Reconvert to Chapter 7* [Doc. No. 43], which was granted by *Order* [Doc. No. 46] entered by the Court on January 3, 2022.

10. On January 4, 2022, Trustee was reappointed to the Bankruptcy Case as Chapter 7 Trustee.

11. Debtor filed a On October 25, 2022, Trustee filed his *Application for Substitution of Attorneys* [Doc. No. 64], and on October 27, 2022, the Court entered an *Order* [Doc. No. 66], authorizing Taylor English Duma LLP ("**TED**") to substitute AGG as attorneys for Trustee.

02496782-1

12. The Trustee is investigating this case for assets for distribution to unsecured creditors.

13. On September 30, 1998, Debtor purchased that certain real property known generally as 3075 St. Andrews Drive, Duluth, Gwinnett County, Georgia 30096 (the "**Property**") for $190,000.00. Debtor took out additional mortgages thereafter.

14. On February 14, 1999, Debtor and Yolla Najem ("**Ms. Najem**") were married.

15. On June 27, 2008, Debtor and Ms. Najem jointly purchased that certain real property condominium known generally as R030-2987 S. Atlantic Avenue, Daytona Beach Shores, Volusia County, Florida 32118 (the "**Condo**") for $220,000.00 ("**Original Mortgage**"). Debtor and Ms. Najem refinanced the Original Mortgage on August 20, 2013, obtaining a new mortgage in the original principal amount of $145,433.00.

16. Debtor and Ms. Najem separated in February 1, 2015.

17. By *Quit-Claim Deed* dated September 19, 2017, and recorded on December 8, 2017, Debtor transferred his interest in the Condo to Ms. Najem.

18. At no time prior thereto was the Property ever titled in the name of just Ms. Najem.

19. A complaint for divorce, *Adel George Najem v. Yolla Najem,* Case No. 18-A-02266-7, was filed on March 14, 2018.

20. Pursuant to the *Final Judgment and Decree of Divorce,* the Debtor and Ms. Najem were divorced on May 4, 2018.

21. As part of the property division in the *Divorce Consent Agreement*, Ms. Najem received 100% ownership interest in the Condo and 50% ownership interest in the Property (the "**Transfers**").

22. It appears that no reasonably equivalent value was given to Debtor in exchange for the Transfers.

23. Trustee, Debtor, and Ms. Najem reached a settlement agreement with respect to the Property alone that was approved by *Order* [Doc. No. 58] of the Court entered on March 10, 2022, whereby Debtor and Ms. Najem were to pay Trustee $62,500.00 for value of the transfer of the Property only and not with respect to the value of the transfer of the Condo or any other issues.

24. At the 341 Meeting, Debtor testified that Ms. Najem continues to reside at the Property.

25. Trustee requests that Ms. Najem appear at the examination to commence on March 21, 2023, at 11:00 a.m., or at such other mutually agreeable time, at the offices of TED, 1600 Parkwood Circle, SE, Suite 200, Atlanta, Georgia 30339 (the "**Offices of Counsel for the Trustee**") and continue from day to day thereafter until complete.

26. Trustee also seeks to have Ms. Najem produce on or before March 14, 2023, at 11:00 a.m. at the Offices of Counsel for the Trustee any and all records and documents more fully described in the attached list, marked as Exhibit "A," and incorporated herein by reference.

WHEREFORE, the Trustee respectfully requests that this Court:

(a) issue an order authorizing the Trustee to conduct the examination of Ms. Najem and directing Ms. Najem to appear for the examination by Trustee and directing Ms. Najem to produce the documents requested herein; and

02496782-1

(b)    grant such other and further relief as the Court may deem just and proper.

        Respectfully submitted,

        TAYLOR ENGLISH DUMA, LLP
        *Attorneys for Trustee*

        By: */s/Neil C. Gordon*
           Neil C. Gordon
           Georgia Bar No. 302387
        1600 Parkwood Circle, SE, Suite 200
        Atlanta, GA 30339
        Phone: (404) 640-5917
        Email: *ngordon@taylorenglish.com*

02496782-1

# EXHIBIT A

## DEFINITIONS

A. As used herein, the words "**document**," "**documents**," "**record**," or "**records**" are intended to have the broadest permissible meaning under the Federal Rules of Civil Procedure and shall mean any written, printed, recorded, taped, electromagnetically recorded or encoded, electronically stored, graphic or other matter of every type and description that is or has been in the possession, custody, or control of you or any of your agents and attorneys, or of which you have knowledge, and shall include without limitation, the following: letters, correspondence, books, articles, reprints, resolutions, minutes, communications, messages, e-mails, electronic communications, electronically stored information, notes, loan documents, collateral documents, stenographic or handwritten notes, memoranda, diaries, contracts, subcontracts, bids, worksheets, drafts, agreements, records, resumes, invoices, receipts, bills, cancelled checks, financial statements, audit reports, tax returns, calendars, schedules, affidavits, statements, summaries, studies, calculations, estimates, diagrams, sketches, drawings, plans, photographs, tapes, videotapes, movies, recordings, transcriptions, work orders, computer print-outs, computer disks, data processing cards, data storage cards, and the like; and where originals of such documents are not available or are not in your possession, custody or control, every copy of every such document; and every copy of every such document where such copy is not an identical copy of the original or where such copy contains any commentary or notation whatsoever which does not appear on the original.

B. As used herein, "**Debtor**" refers to George Adel Najem, his authorized agents, attorneys, representatives, and to any other person that is or has ever acted for or on behalf of him.

C. As used herein, "**Petition Date**" refers to July 14, 2021, the date when Debtor commenced this bankruptcy proceeding by filing a voluntary petition for relief under Chapter 7 of title 11 of the United States Code.

D. As used herein, **Ms. Najem**" or "You" or "Your" refers to Yolla Najem.

E. As used herein, the "**Divorce**" shall refer to the petition for divorce, *Adel George Najem v. Yolla Najem*, Case No. 18-A-02266-7, filed in the Superior Court of Gwinnett County on March 14, 2018.

F. As used herein, the "**Divorce**" shall refer to the divorce proceeding that led to the entry of the Divorce Decree.

G. As used herein, the "**Condo**" shall refer to a condominium located at 29875 Atlantic Avenue, Daytona Beach, Florida.

H. As used herein, the "**Property**" shall refer to 3075 St. Andrews Drive, Duluth, Gwinnett County, Georgia 30096.

I. As used herein, the "**Settlement Agreement**" shall refer to the *Divorce Consent Agreement* between Debtor and Ms. Najem.

J. As used herein, the "**Divorce Decree**" shall refer to the *Final Judgment and Decree of Divorce* entered in the divorce proceeding between the Debtor and Ms. Najem on May 4, 2018, which incorporated the Settlement Agreement.

## DOCUMENT PRODUCTION

1. Any and all documents including but not limited to bank, credit union, brokerage, and credit card statements for accounts held jointly or severally by You and/or Debtor and/or any other entity or individual from January 1, 2016, through and including July 31, 2019, including signature cards, cancelled checks, wire transfer detail, and the white books governing the accounts.

2. Any and all documents including but not limited to balance sheets, income statements, financial statements, loan applications, contracts, leases, loans, and general ledgers prepared by or on behalf of You and/or Debtor reflecting Your and/or Debtor's financial condition from January 1, 2016, through and including July 14, 2021.

3. Any and all state and federal tax returns filed jointly with Debtor or separately by You from 2016 through 2021.

4. Any and all credit card statements from 2016 through the present for any credit card that You individually or jointly own with Debtor or that You have signatory to use to make charges.

02496782-1

5. Any and all documents including but not limited to assets owned by Ms. Najem on the day the Divorce was filed or acquired by Ms. Najem thereafter or from Debtor prior thereto or as a result of the Divorce.

6. Any and all documents executed or produced in connection with the Divorce including the financial affidavits of the Debtor and Ms. Najem.

7. All correspondence and e-mails exchanged between the Debtor, Ms. Najem, realtors, closing attorneys, and/or communications by divorce counsel to the other party to the Divorce.

8. Any and all documents or records that reflect or evidence the amount of alimony and child support owed or owing by Debtor.

9. A list of all bank accounts in the name of Ms. Najem, Debtor, and jointly, including but not limited to, investment accounts, IRAs, retirement accounts with the balance for each as of the date the Divorce was filed.

10. List of all personal property as of the date the Divorce was filed owned by Debtor, Ms. Najem, and jointly.

11. Any and all documents or records that reflect or explain how the alimony and child support obligations of the Divorce were determined.

12. Any and all documents that that reflect or explain what property Ms. Najem retained as a result of the Divorce Decree.

13. Any and all documents that that reflect or explain what property the Debtor retained as a result of the Divorce Decree.

14. Any and all documents that reflect or explain the value of any property Ms. Najem retained as a result of the Divorce Decree.

15. Any and all documents that reflect or explain the value of any property the Debtor retained as a result of the Divorce Decree.

16. Any and all documents that reflect or explain all credit cards and other debts at that time of the Divorce to the present for You or the Debtor and that reflect the balances on those credit cards and that reflect what was purchased with those credit cards.

17. Any and all documents that reflect or explain bank, checking, savings, investment and retirement accounts You or Debtor maintained or owned and the balances of those accounts from January 2018 through May 2018,

02496782-1

18. A list of all obligations and debts of Ms. Najem, Debtor, or jointly owed debts and the name of each creditor and date approved in return for the use of such credit.

19. Documents reflecting Ms. Najem's total income earned in years 2017, 2018, and 2019.

20. Copies of Ms. Najem's voter registration for years 2018, 2019, 2020, and 2021.

21. Documents reflecting any monetary compensation received by Debtor as a result of the transfer of the Condo to Ms. Najem.

22. Payoff statements for any mortgages on the Condo.

23. Documents reflecting any lease(s) on the Condo from June of 2017 to the present, and an accounting of any and all rental income received thereon.

02496782-1

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served the following parties with a true and correct copy of the foregoing *Motion for 2004 Examination of and Document Production by Yolla Najem* by depositing same in the United States Mail, postage prepaid, addressed to:

Office of the United States Trustee
362 Richard B. Russell Building
75 Ted Turner Drive, S.W.
Atlanta, GA 30303

Yolla Najem
3075 St. Andrews Drive
Duluth, GA 30096

M. Denise Dotson
M. Denise Dotson, LLC
P. O. Box 767
Avondale Estates, GA 30002

George Adel Najem
3075 St. Andrews Drive
Duluth, GA 30096

This 14th day of February, 2023.

*/s/Neil C. Gordon*
Neil C. Gordon

02496782-1